UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/27/2022
```

DIQUAN BOOKER,

                                        Plaintiff,

                -against-

NYS DOCCS; SERGEANT SEFMAN,

                                        Defendants.

7:22-CV-2355 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff Diquan Booker, who appears *pro se* and is presently incarcerated in the Washington Correctional Facility, brings this action for damages against the New York State Department of Corrections and Community Supervision ("DOCCS") and Correctional Sergeant Sefman arising from events that allegedly occurred while Plaintiff was incarcerated in the Woodbourne Correctional Facility. Plaintiff asserts that the defendants failed to protect him from an attempt on his life by other prisoners, and from being infected with COVID-19, while he was incarcerated in that facility. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983.

By order dated April 26, 2022, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons discussed below, the Court dismisses Plaintiff's claims against DOCCS. The Court directs service on Sergeant Sefman, and directs her to comply with Local Civil Rule 33.2.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant that is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

**DISCUSSION**

**A.    DOCCS**

The Court must dismiss Plaintiff's claims against DOCCS under the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity. . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, alteration in original). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. (internal quotation marks and citation omitted). This immunity shields States from claims for money damages,

injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74

(1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

Congress has not abrogated the States' immunity for claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). DOCCS is an agency of the State of New York; it is, thus, an arm of that State and enjoys Eleventh Amendment immunity. *E.g.*, *Gardner v. Koeningsman*, No. 21-CV-10185, 2022 WL 1058498, at *2 (S.D.N.Y. Mar. 30, 2022). Accordingly, the Court dismisses Plaintiff's claims against DOCCS under the doctrine of Eleventh Amendment immunity, for lack of subject matter jurisdiction and because Plaintiff seeks monetary relief from a defendant that is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3); *see Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction.").

B.     **Service on Sergeant Sefman**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint on Sergeant Sefman until the Court reviewed the complaint and ordered that a

summons be issued for Sergeant Sefman. The Court therefore extends the time to serve Sergeant Sefman with the complaint until 90 days after the date that a summons is issued for Sergeant Sefman. If the complaint is not served on Sergeant Sefman within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service of the complaint on Sergeant Sefman through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Sergeant Sefman. The Clerk of Court is further instructed to issue a summons for Sergeant Sefman, and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of a summons and the complaint on Sergeant Sefman.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

## C.    Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of

service of the complaint, Sergeant Sefman must serve responses to those standard discovery requests. In her responses, Sergeant Sefman must quote each request verbatim.[2]

## CONCLUSION

The Court dismisses Plaintiff's claims against "NYS DOCCS" (the New York State Department of Corrections and Community Supervision) under the doctrine of Eleventh Amendment immunity, for lack of subject matter jurisdiction and for seeking monetary relief from a defendant that is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3).

The Court directs the Clerk of Court to: (1) issue a summons for Sergeant Sefman, (2) complete a USM-285 form with the service address for Sergeant Sefman, and (3) deliver all documents necessary to effect service of a summons and the complaint on Sergeant Sefman to the U.S. Marshals Service.

The Court directs Sergeant Sefman to comply with Local Civil 33.2 within 120 days of service of the complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[2] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

The Court also directs the Clerk of Court to mail an information package and a copy of

this Order to Plaintiff, and show service on the docket.

SO ORDERED.

Dated:    April 27, 2022
          White Plains, New York

_____
         NELSON S. ROMÁN
       United States District Judge

## DEFENDANT AND SERVICE ADDRESS

Sergeant Sefman
Woodbourne Correctional Facility
99 Prison Road
P.O. Box 1000
Woodbourne, New York 12788-1000