UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIQUAN BOOKER,

                      Plaintiff,

   -against-

SERGEANT SEFMAN,

                      Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/7/2022

22-CV-02355 (NSR)

**ORDER**

NELSON S. ROMÁN, United States District Judge:

      Plaintiff Diquan Booker ("Plaintiff") brings this *pro se* action pursuant to 42 U.S.C. § 1983 alleging violations of his Constitutional rights. (ECF No. 1.) By order dated April 26, 2022, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). (ECF No. 8.) On June 6, 2021, the Court received Plaintiff's application for appointment of pro bono counsel. (ECF No. 21.)

      Plaintiff's application is denied, without prejudice to renew at a later date. Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent pro se litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007). The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). At this early stage of the litigation, where

no response to the Complaint has been filed and no discovery has taken place, Plaintiff has failed to demonstrate that his position is "likely to be of substance," *Hodge*, 802 F.2d at 61. Therefore, the Court denies Plaintiff's motion, without prejudice to renew at a later date. To the extent Plaintiff's limited access to the law library or other resources due to his placement interferes with his ability to timely prosecute this action, Plaintiff is permitted to seek extensions of time from the Court.

Plaintiff has also filed a renewed motion for settlement. (ECF No. 19.) As the Court stated in its previous endorsement (ECF No. 16), Plaintiff's motion is denied without prejudice. Motions for settlements are improper. The defendant in this matter, Sergeant Sefman, is in the process of being served, and his attorney has not yet made an appearance. All requests to discuss potential settlements must be addressed to Defendant's counsel, not the Court.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for the appointment of pro bono counsel is DENIED, without prejudice to renew at a later date. Plaintiff's renewed motion for settlement is also DENIED. The Clerk of the Court is kindly directed to terminate the motions at ECF Nos. 19 & 21, mail a copy of this Order to pro se Plaintiff, and show service on the docket.

Dated: June 7, 2022  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge