```
                                              USDC SDNY
                                              DOCUMENT
UNITED STATES DISTRICT COURT                  ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                 DOC #: _____
                                              DATE FILED: 11/9/2022
```

DIQUAN BOOKER,

                Plaintiff,

    -against-                               7:22-cv-2355-NSR

SERGEANT SEFMAN,                    RENEWED ORDER OF SERVICE

                Defendant.

NELSON S. ROMÁN, United States District Judge:

        Plaintiff Diquan Booker brings this amended *pro se* action, Plaintiff Diquan Booker, who appears pro se and is presently incarcerated in the Washington Correctional Facility, brings this action for damages against the New York State Department of Corrections and Community Supervision ("DOCCS") Correctional Sergeant Sefman arising from events that allegedly occurred while Plaintiff was incarcerated in the Woodbourne Correctional Facility. Plaintiff asserts that the defendants failed to protect him from an attempt on his life by other prisoners, and from being infected with COVID-19, while he was incarcerated in that facility. The Court construes Plaintiff's amended complaint as asserting claims under 42 U.S.C. § 1983. (*See* ECF No. 30.)

        Plaintiff filed his initial complaint on February 28, 2022. (ECF No. 1.) against DOCCS and Sergeant Sefman. The Court granted *in forma pauperis*[1] status on April 26, 2022 (ECF No. 8.). On April 27, 2022, the Court dismissed DOCCS from the complaint and issued an Order of Service. (ECF No. 10.) On October 14, 2022, the Court confirmed with the U.S. Marshal's Office that the Order of Service had not been effectuated. The docket also does not show that service has been effectuated.

---

[1]     Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. See 28 U.S.C. § 1915(b)(1).

On October 28, 2022, with the Court's grant of leave, Plaintiff filed an amended complaint, naming only Sergeant Sefman as a defendant. (ECF No. 30.)

The Court directs service on Sergeant Sefman, and directs her to comply with Local Civil Rule 33.2.

### A. Issuance of Summons

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). To allow Plaintiff to effect service on Defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the Defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

### B. Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service

of the amended complaint, Sergeant Sefman must serve responses to those standard discovery requests. In her responses, Sergeant Sefman must quote each request verbatim.[2]

## CONCLUSION

The Court directs the Clerk of Court to: (1) issue a summons for Sergeant Sefman, (2) complete a USM-285 form with the service address for Sergeant Sefman, and (3) deliver all documents necessary to effect service of a summons and the amended complaint on Sergeant Sefman to the U.S. Marshals Service. The Court directs Sergeant Sefman to comply with Local Civil 33.2 within 120 days of service of the amended complaint.

The Court certifies under 18 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court also directs the Clerk of Court to mail a copy of this Renewed Order to pro se Plaintiff and show service on the docket.

Dated:   November 9, 2022
         White Plains, New York

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

---

[2] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

**DEFENDANT AND SERVICE ADDRESS**

1. Sergeant Sefman
   Woodbourne Correctional Facility
   99 Prison Road P.O. Box 1000
   Woodbourne, New York 12788-100