UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIQUAN BOOKER,

                    Plaintiff,

           -against-

SGT. SEFMAN,

                    Defendant.

22-CV-2355 (NSR)

<u>ORDER</u>

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/16/2024

NELSON S. ROMÁN, United States District Judge:

      The Court is in receipt of the Application to Request *Pro Bono* Counsel from *pro se* Plaintiff Diquan Booker, dated May 13, 2024, requesting the appointment of *pro bono* counsel. (ECF No. 11.) For the reasons below, Plaintiff's request is DENIED without prejudice to renew at a later date.

      Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's *pro bono* panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

      The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation,

the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; accord *Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60–61.

With that in mind, Plaintiff's instant request for *pro bono* counsel cannot be granted at this stage in the proceeding. The parties submitted a fully briefed Motion for Summary Judgment on February 27, 2024. (*See* ECF Nos. 73-79). Plaintiff submitted supplemental documents on March 20, 2024 and April 3, 2024. (ECF Nos. 82, 84). The Court will duly consider such documents in light of the "special solicitude" afforded *pro se* litigants, whose submissions are to be "liberally construed." *Phipps v. Experian Information Solutions, LLC*, 2023 WL 6215304, at *2 (S.D.N.Y. Sept. 23, 2023) (quoting *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006)). In other words, Plaintiff has proven himself capable of prosecuting this action throughout its proceedings.

Therefore, being unable to determine whether any circumstances warrant the appointment of *pro bono* counsel at this early stage, the Court DENIES Plaintiff's motion without prejudice with leave to renew at a later stage in the proceedings. The Clerk of Court is directed to mail a copy of this Order to Plaintiff at his address as listed on ECF and show service on the docket.

Dated:    May 16, 2024                                    SO ORDERED:
          White Plains, New York

                                          _____
                                                NELSON S. ROMÁN
                                             United States District Judge